_____
Honorable Laurel E. Babero
United States Bankruptcy Judge

Entered on Docket
November 13, 2018

MARK WRAY, #4425
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
(775) 348-8877
(775) 348-8351 – Fax
mwray@markwraylaw.com
Attorney for Petitioning Creditor
BRADLEY J. BUSBIN, AS TRUSTEE
OF THE GONZALES CHARITABLE
REMAINDER UNITRUST ONE

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-S- 18-12454 LEB |
| DESERT LAND, LLC, | Chapter 11 |
| Debtor. | (Jointly Administered with BK-S- 18-12456-LEB, BK-S-18-12457-LEB and BK-S-18-12458-LEB) |
| In re: | **STIPULATED PROTECTIVE ORDER** |
| DESERT OASIS APARTMENTS, LLC, | |
| Debtor. | |
| In re: | |
| DESERT OASIS INVESTMENTS, LLC, | |
| Debtor. | |

1

In re:

SKYVUE LAS VEGAS, LLC,

                Debtor.

Debtors,[1] the Sher Creditors,[2] Creditor Busbin,[3] Creditor Northern Trust,[4] Creditor Juniper,[5] the Shotgun Creditors,[6] and the Proposed Buyer[7] (collectively, the "Parties"), by and through their undersigned counsel of record, stipulate and agree that certain pending filings in

---

[1] Debtors DESERT LAND, LLC ("Desert Land"), DESERT OASIS APARTMENTS, LLC ("DOA"), DESERT OASIS INVESTMENTS, LLC ("DOI"), and SKYVUE LAS VEGAS, LLC ("Skyvue," and together with Desert Land, DOA, and DOI, the "Debtors")

[2] Creditors SHER DEVELOPMENT, LLC ("Sher Development"); THE PAUL L. GARCELL AND PAMELA HERTZ REVOCABLE FAMILY TRUST, Paul Garcell and Pamela Hertz, Trustees ("GH Trust"); THE JOSEPH D. EYSTAD AND MARY ANN ARMINIO REVOCABLE TRUST DATED 09/03/03, MaryAnn Arminio, Trustee ("Eystad Trust"); THE FRANK ARMINIO AND MARY ARMINIO REVOCABLE LIVING TRUST, Mary Arminio, Trustee ("Arminio Trust"); ANGELO JOHN ARMINIO ("Angelo Arminio"); PAULA M. ARMINIO ("Paula Arminio"); ANDREA DEANEAN GLENN ("Andrea Glenn"); LINDA JEAN LUND ("Linda Lund"); THE DONDERO SURVIVOR'S TRUST, Alan G. Dondero, Trustee ("Dondero trust"); TERRY L. BELL IRREVOCABLE TRUST, Terry L. Bell, Trustee ("Bell Trust"); THE NEWBY 1984 TRUST, Jill M. Colquitt and Donald E. Newby, Trustees (Newby Trust); JOANNA POLLARD LIVING TRUST, Joanna Pollard, Trustee ("Pollard"); VIVIAN A. WEBER LIVING TRUST, Vivian Weber Trustee ("Weber"); THE JOE P. SCHWAN FAMILY TRUST, Joe Schwan, Trustee ("Schwan"); WALTER BROELAND AND CAROL BROELAND REVOCABLE TRUST, Walt Broeland, Trustee ("Broeland"); MARK E. JONAH ("Jonah"); VERONICA C. WOLF TRUST, Veronica Wolf, Trustee ("Wolf"); BARON H. WINDHAM JR., IRA ("Windham"); JAMES P. PEABODY and HELEN L. PEABODY ("Peabody"); YARG, LLC ("Yarg"); PATRICK AND CLARA CARMEN DERMODY FAMILY TRUST, Patrick Dermody, Trustee ("Dermody"); MACK CLAYTON and TRACY L. CLAYTON ("Clayton"); TERRY WAGNER and CATHERINE WAGNER ("Wagner"); JAMES C. CHACHAS TRUST, James C. Chachas, Trustee ("James"); GEORGE CHACHAS ("George"); BESSIE CHACHAS ("Bessie"); WILLIAM MARSHALL and JANINE MARSHALL ("Marshall"); LEWIS ROY SHER LIVING TRUST, Edward F. Sher, Trustee ("Lewis"); and GREGG S. LAWRENCE SUBTRUST OF CLIFFORD LAWRENCE AND CAROLYN LAWRENCE REVOCABLE FAMILY TRUST DTD 9/30/96, Gregg S. Lawrence, Trustee ("Lawrence") (collectively, the "Sher Creditors")

[3] Creditor BRAD BUSBIN, Trustee of the Gonzalez Charitable Remainder Unitrust One ("Busbin")

[4] Creditor THE NORTHERN TRUST COMPANY ("Northern Trust")

[5] Creditor JUNIPER LOAN SERVICING CORPORATION ("Juniper")

[6] Creditors SHOTGUN CREEK LAS VEGAS, LLC, SHOTGUN CREEK INVESTMENTS NEVADA, LLC, SHOTGUN CREEK INVESTMENTS, LLC, AND SHOTGUN CREEK FAMILY INVESTMENTS, LLC (collectively, the "Shotgun Creditors")

[7] Proposed assignees DESERT LAND NEWCO, LLC, DESERT LAND NEWCO 2, LLC, DOA NEWCO, LLC, and DOI NEWCO, LLC, proposed buyers LVB ACQUISITIONS, LLC, LVB ACQUISITION HOLDINGS, LLC, and/or LVB ACQUISITION HOLDINGS I, LLC and its Members LVB HOLDINGS I, LLC and DESERT LAI, LLC, disclosed affiliates Hans Hertell, George Villar, and Atelier Real Estate Partners, LLC, and any subsequently-disclosed affiliates (collectively, the "Proposed Buyer")

the instant action, including but not limited to Debtors' <u>Joint Plan of Reorganization [ECF #253]</u> (the "Proposed Plan"), Debtors' <u>Motion to Sell Substantially all of the Debtors' Assets Free and Clear of all Liens, claims and Encumbrances and Assign Certain Executory Contracts and Unexpired Leases, Pay Secured Creditors at Closing, Pay Commission and Invest Proceeds in Buyer</u> [ECF #249] (the "Sale Motion") and Busbin's <u>Motion for Order to Disclose Financial Information on Buyer LVB Acquisition Holdings I, LLC</u> [ECF #292] (the "Disclosure Motion"), as well as other potential transactions involving the real property assets of Debtors ("Potential Sales") and future filings arising from such potential transactions ("Potential Sale Filings"), are likely to involve and require the production of confidential, proprietary, or private information, including but not limited to information regarding the Proposed Buyer, and/or other potential buyers (the "Potential Buyers"),[8] for which special protection from public disclosure and use for any other purpose beyond these proceedings, including with respect to the Proposed Plan, Sale Motion, Disclosure Motion, Potential Sales, and Potential Sale Filings, would be warranted. Accordingly, the Parties STIPULATE to a Stipulated Confidentiality and Protective Order ("Protective Order") on the following terms:

     1.     Any party or non-party may designate as confidential (by stamping the relevant page with the word "**Confidential**" or as otherwise set forth herein) any document or discovery response which that party or non-party considers in good faith to contain information involving confidential personal or business information of and concerning a potential buyer of the assets of the Debtors' bankruptcy estate (hereinafter referred to as "**Confidential Information**"). Where a document or discovery response consists of more than one page, the first page and each page of which confidential information appears shall be so designated.

     2.     All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall only be used by the party or parties to whom the information is produced, including any secured or unsecured creditor who signs the

---

[8] To the extent necessary, Debtors shall provide a copy of this Protective Order to any and all Potential Buyers, who shall then be required to agree to be subject to the terms hereof.

Exhibit A certificate attached, and solely with respect to these proceedings, including the Proposed Plan, Sale Motion, the Disclosure Motion, Potential Sales, 2004 exams, discovery requests and/or Potential Sale Filings.

    3.    So long as the Potential Buyer is actually pursuing a prospective purchase of any assets of the Desert Entities from their Bankruptcy Estates, any persons receiving any of the Confidential Information shall not contact or otherwise engage in any communication or negotiation with any persons, entities, or any agents or representatives of persons or entities who are contractors, associates or lenders of any Potential Buyers, whose name(s) is provided by the Confidential Information (any or all a "Potential Project Party") in any way with respect to the Property or the Project or for any other purpose whatsoever except through, upon the initiation of, or request of a Potential Buyer, a Potential Project Party or the Debtors.

    4.    Except with the prior written consent of a Potential Buyer or Debtors, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a.    Counsel for the respective Parties;

    b.    Employees of such counsel;

    c.    Up to five (5) designated representatives for each respective party. All designated representatives shall execute a copy of the Certification annexed to this Order as Exhibit "A," which shall be retained by counsel for the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency of the action before being shown or given any Confidential Information;

    d.    Consultants or expert witnesses retained for these proceedings, provided that each such person shall execute a copy of the Certification;

    e.    Any authors or recipients of the Confidential Information;

    f.    The Court, Court personnel, and court reporters; and

    g.    Witnesses. A witness shall sign the Certification before being shown any

Confidential Information. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. Any persons receiving the identity of a Potential Buyer shall not circumvent or interfere with the Debtor's negotiations and/or contract with any Potential Buyer during the period the Debtors or their agents are negotiating with such potential buyers. Any persons receiving the identity of a Potential Buyer shall not attempt to induce such Potential Buyer to terminate or modify its business negotiations or contract with the Debtors or otherwise interfere with such relationship. This provision does prohibit a creditor from opposing a proposed sale in the Bankruptcy Court.

7. Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court containing Confidential Information shall be filed with the Court under seal and accompanied by a contemporaneous motion for leave to file those documents under seal in accordance with Local Rule of Bankruptcy Practice 9018.

8. A party or non-party may designate information disclosed during deposition and/or an examination pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 2004, or in response to a written discovery, including but not limited to interrogatories issued pursuant to FRBP 7033, requests for production issued pursuant to FRBP 7034, and subpoenas issued pursuant to FRBP 9016, as Confidential by so indicating in said response or on the record at the deposition/examination and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after the receipt of said responses or of the deposition/examination transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential information. Any other party may object to such proposal, in writing or on the record, and upon such objection, the parties shall follow the procedure set forth in paragraphs 8 and 9 below.

After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraphs 8 and 9 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated materials in their possession or control with the specified designation.

9. A party may designate as Confidential documents produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents. A document may lose its confidential status if it is made public by the party that marked it as Confidential.

10. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material as Confidential. The party or non-party who designated the material as Confidential shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as Confidential. The party or non-party seeking the order has the burden of establishing that the document or information is entitled to protection.

11. Notwithstanding any challenge to the designation of material as Confidential Information, all documents or information shall be treated as such and shall be subject to the provision hereof unless and until one of the following occurs:

    a. The party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    b. The party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c. The Court rules the material is not confidential.

12. All provisions of this Order restricting communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise

agreed or ordered. Upon conclusion of the action, a party in the possession of Confidential Information, other than that which is contained in a pleading, correspondence, and deposition/examination transcripts, shall either (a) return such documents or information no later than thirty (30) days after conclusion of these proceedings to counsel for the party or non-party who provided such information, or (b) destroy such documents and information within the time period upon consent of the party who provided the documents and information and certify in writing within thirty (30) days that the documents and information have been destroyed. Notwithstanding the foregoing, counsel for any party is entitled to retain possession of Confidential Information upon conclusion of these proceedings.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents or information at trial or in any evidentiary hearing in these proceedings.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

15. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written notice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Approved by:

*/s/ Michael N. Feder*
Michael N. Feder, Esq.
Joel Z. Schwarz, Esq.
Gabriel Blumberg, Esq.
Dickinson Wright PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89112-2210
*Attorneys for the Sher Creditors*

Approved by:

*/s/ Lenard E. Schwartzer*
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
Schwarzter & Mcpherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Attorneys for Debtors*

7

| | |
|---|---|
| Approved by: | Approved by: |
| */s/ Cathy L. Reece* | */s/ Justin J. Henderson* |
| Cathy L. Reece, Esq.<br>Fennemore Craig, P.C.<br>2394 E. Camelback Road, Suite 600<br>Phoenix, Arizona 85016-3429<br>*Attorneys for The Northern Trust Company* | Justin J. Henderson, Esq.<br>Lewis Roca Rothgerber Christie LLP<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>*Attorneys for Juniper Loan Servicing Corporation* |
| Approved by: | Approved by: |
| */s/ Brigid M. Higgins* | */s/ Mark Wray* |
| Brigid M. Higgins, Esq.<br>Black & LoBello<br>10777 W. Twain Avenue, Third Floor<br>Las Vegas, Nevada 89135<br>*Attorneys for Creditors Shotgun Creek Las Vegas, LLC, Shotgun Creek Investments Nevada, LLC, and Shotgun Creek Investments, LLC* | Mark Wray, Esq.<br>Law Offices of Mark Wray<br>608 Lander Street<br>Reno, NV 89509<br>        -and-<br>Jamie P. Dreher, Esq.<br>Michael W. Reining, Esq.<br>Downey Brand LLP<br>5421 Kietzke Lane, Suite 100<br>Reno, Nevada 89511<br>*Attorneys for Bradley J. Busbin, As Trustee Of The Gonzales Charitable Remainder Unitrust One* |
| Not Approved by: | |
| */s/ David R. Taxin* | |
| David R. Taxin, Esq.<br>Dahan & Nowick, LLP<br>123 Main Street, 9th Floor<br>White Plains, New York 10601<br>*Attorneys for Proposed Buyer* | |

**EXHIBIT A**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated November _____, 2018, in *In re: Desert Land, LLC, et al.* Case No. BK-S- 18-12454 LEB. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information (including copies, notes, or other transcriptions made therefrom) in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information (including copies, notes or other transcriptions made therefrom) to the counsel who provided me with the Confidential Information or destroy the Confidential Information.

I hereby consent to the jurisdiction of the United States Bankruptcy Court, District Court of Nevada for the purpose of enforcing the Protective Order.

DATED: _____

BY:     _____

NAME: _____

###