Kevin W. Coleman (CA SBN 168538)
Christopher H. Hart (CA SBN 184117)
Gregory C. Nuti (CA SBN 151754)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kcoleman@nutihart.com
       chart@nutihart.com
       gnuti@nutihart.com

Talitha Gray Kozlowski (NV SBN 9040)
GARMAN TURNER GORDON LLP
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: 725-777-3000
Email: tgray@gtg.legal

Proposed Counsel for Kavita Gupta,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DESERT LAND, LLC<br><br>Debtor. | Case No.: BK-S-18-12454-GS<br><br>Chapter 11 |
| In re:<br><br>DESERT OASIS APARTMENTS, LLC,<br><br>Debtor. | Case No.: BK-S-18-12456-GS<br><br>Chapter 11 |
| In re:<br><br>DESERT OASIS INVESTMENTS, LLC,<br><br>Debtor. | Case No.: BK-S-18-12457-GS<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE KAVITA GUPTA'S CASE STATUS CONFERENCE STATEMENT**<br><br>Date:     April 10, 2019<br>Time:     1:00 p.m.<br>Location: United States Bankruptcy Court<br>          Foley Federal Bldng.<br>          300 Las Vegas Blvd South<br>          Courtroom 3<br>          Las Vegas, NV 89101<br>Judge:    Hon. Gary Spraker |

Kavita Gupta ("Trustee"), Chapter 11 trustee for the estates of Desert Land, LLC ("Desert Land"), Desert Oasis Apartments, LLC ("Desert Oasis Apartments"), and Desert Oasis

1

Investments, LLC ("Desert Oasis Investments") (collectively, "Debtors") hereby submits this statement concerning the status of the Debtors' cases since April 3, 2019, the date on which the Trustee accepted her appointment.

**1.     Status of Appointment**

The Court ordered the appointment of a Chapter 11 trustee on March 21, 2019 [Doc. No. 519]. The United States Trustee appointed Ms. Gupta to serve in that capacity on March 27, 2019 [Doc No. 522], and the Court confirmed that appointment on April 2, 2019 [Doc. No. 528]. Ms. Gupta filed her notice of acceptance pursuant to Fed. R. Bankr. Proc. 2008 on April 3, 2019 [Doc. No. 530].

**2.     Transfer of Debtor-in-Possession Accounts**

The Debtors maintain Debtor-in-Possession bank accounts at the following institutions:

- Bank of Nevada
- U.S. Bank
- Wells Fargo Bank, N.A.

**A.     Desert Land**

Desert Land has three DIP bank accounts at Wells Fargo Bank, N.A. The Desert Oasis Motel is operated by a management company. The Trustee is in the process of removing the signatures of the Desert Land managers from these accounts and adding her name to the accounts. In order to ensure that the operations of the Desert Oasis Motel are not disrupted, she will also file a motion seeking court approval toto continue using these accounts and allow the management company to continue to have access.

**B.     Desert Oasis Investments**

Desert Oasis Investments has one DIP account at Bank of Nevada. The Trustee froze the account and she is in the process of transferring the account to a trustee account at Metropolitan Commercial Bank.

**C.     Desert Oasis Apartments**

Desert Oasis Apartments has four (4) DIP accounts at U.S. Bank. The Desert Oasis Apartments is operated by a management company. Pursuant to a stipulation with Northern

1 Trust Company, the lender holding a first lien on the rents generated by apartment parcel, all
2 cash collateral must be deposited into these accounts. *See* Stipulation for Use of Cash Collateral,
3 [Doc. No. 78, p.14 of 30]. In order to ensure that the operations are not disrupted, the Trustee
4 will file a motion seeking court approval to continue using these accounts and allow the
5 management company continue to have access.

**3.    Securing the Estates' Non-Cash Assets**

The Trustee secured the buildings owned by Desert Land, which are located at 3951 Las Vegas Blvd., Las Vegas, NV and 3953 Las Vegas Blvd., Las Vegas, NV by changing the locks and/or repairing the doors. Desert Land owns a 2007 Yukon. The Trustee had this vehicle removed to a secure lot pending either abandonment or sale.

**4.    Verifying and Maintaining Insurance for the Estates' Assets**

Prior to her appointment, the Trustee reviewed the Debtors' insurance policies (property, general liability, excess liability and automotive) issued by the Phoenix Insurance Company and Colony Insurance Company. She obtained written permission from the Debtors' managers to obtain information from the Debtors' insurance brokers.

**A.    Desert Land, LLC**

Desert Land owns 10 parcels of land, which are listed in the table below. Parcels 1-3 are improved with an office building, a retail building and the Desert Oasis Motel, respectively. Parcels 4-10 consist of vacant land.

| No. | Assessor Parcel No. | Address | Acreage |
|---|---|---|---|
| 1 | 162-28-301-032 | 3951 Las Vegas Boulevard | 3.348 |
| 2 | 162-28-301-010 | 3953 Las Vegas Boulevard | 0.233 |
| 3 | 162-28-301-034 | 3965 Las Vegas Boulevard | 3.026 |
| 4 | 162-28-301-001 | 47 East Mandalay Bay Road | 0.769 |
| 5 | 162-28-301-002 | 47 East Mandalay Bay Road | 0.450 |
| 6 | 162-28-301-029 | None | 5.822 |
| 7 | 162-28-301-033 | None | 3.767 |

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

| 8 | 162-28-301-036 | 3941 Las Vegas Boulevard | 1.760 |
| 9 | 162-28-301-037 | None | 1.820 |
| 10 | 162-28-302-001 | None | 2.229 |

After reviewing the Debtor's insurance policies and after several discussions with its insurance brokers, the Trustee determined that Desert Land had only obtained liability and property insurance coverage with respect to only Parcels 1-3.  She further determined that Parcels 4-10 above were not insured.  Therefore, on April 1, 2019, the Trustee sent the Debtor's counsel a letter requesting copies of policies that evidenced that Parcels 4 through 10 were in fact insured and copied the Office of the United States Trustee.

The Trustee did not receive copies of any insurance policies that expressly listed Parcels 4-10 as designated insured premises.[1]  Consequently, after her appointment, the Trustee immediately sought and obtained liability insurance covering those seven parcels from Colony Insurance Company.  Liability insurance coverage is now provided with respect to those parcels pursuant to a written endorsement under Policy No. 101 PKG 0051879-04, effective as of April 5, 2019.  However, the written endorsement listing the parcels contained several typographical errors (e.g., one parcel was listed twice, one parcel was listed incorrectly and one parcel was omitted).   The Trustee has notified the insurance broker who has advised the Trustee that the endorsement is being corrected.

The Trustee also advised the insurer that one of Desert Oasis Motel's three buildings was vacant and fenced off so that the building is properly insured as a vacant building.

### B.    Desert Oasis Investments

---

[1] The Debtor's insurance broker sent the Trustee an email in which he stated that Desert Land's current policy for Parcels 1 and 2 also included Parcels 4 through 10 because these parcels were "appurtenant" to the designated insured premises.  However, the insurance broker admitted that the insurer would not expressly add Parcels 4 through 10 to the policy's designated insured premises section without charging an additional premium.  The Trustee disagrees with the insurance broker's interpretation of the policy, she cannot rely on an email which is contradictory to the policy, and given the small premium, she believes that is prudent to have an insurance policy that expressly includes Parcels 4 through 10.

Desert Oasis Investments is the owner of an 8.965-acre parcel consisting of vacant land located at 95 East Ali Baba Lane (APN 162-28-202-013). After reviewing the documents, the Debtor provided and after discussions with its insurance broker, who advised the Trustee that this parcel was not insured, the Trustee immediately obtained liability insurance coverage with respect to that parcel under Policy No. 101 PKG 0051879-04, effective as of April 5, 2019.

### C. Desert Oasis Apartments

Desert Oasis Apartments is the owner of a 6.286 parcel of land, located at 5316 Danville Lane and 5333 Bethel Lane (APN 162-28-310-001). It owns and operates a 128- unit apartment complex on that property. After reviewing the documents, the Debtor provided and after discussions with its insurance broker, the Trustee determined that the Debtor had obtained liability and property insurance coverage for that parcel.

### 5. Inspection of the Debtors' Operations and/or Real Property

### A. Desert Land

On April 3, 2019, the Trustee and Grobstein Teeple LLP ("GT"), her proposed accountants/financial advisor, met with the manager of the Desert Oasis Motel and inspected the property. The Trustee also obtained and reviewed the business and health licenses to ensure that they are current and inspected the fire extinguishers on the property. She is currently checking with the Las Vegas Fire Department to ensure that the property does not have any fire code violations. Given the location of these buildings and issues with transients and vandalism in the area, the Trustee is considering retaining a security guard to ensure that these premises remain secure.

GT is currently evaluating the financial aspects of the operation, including evaluating revenue and expenses, testing occupancy and vacancies, verifying net income and matching to banking information.

### B. Desert Oasis Investments

On April 5, 2019, the Trustee inspected the real property.

### C. Desert Oasis Apartments

On April 5, 2019, the Trustee and GT met with the manager of the Desert Oasis Apartments and inspected the property. The Trustee also reviewed the business and health licenses and inspected the fire extinguishers on the property. She is currently checking with the Las Vegas Fire Department to ensure that the property does not have any fire code violations.

GT is currently evaluating the financial aspects of the operation, including evaluating revenue and expenses, testing occupancy and vacancies, verifying net income and matching to banking information.

### 6. Meetings with Debtors, Brokers and Creditor Representatives

The Trustee has been on-site at the Debtors' premises from April 3, 2019 and expects to remain through April 12, 2019. She and her financial advisor, GT, have spent several full days collecting relevant information on the Debtors' operations and near-term obligations. She met with the Debtors' managers, David Gaffin and Howard Bullock and their counsel Lenard Schwartzer on April 4, 2019 to discuss operational and transition issues, and the Debtors' efforts to market the Desert Land properties. The Trustee has also met with the management companies operating the Desert Oasis Motel and the Desert Oasis Apartments. Meetings are scheduled with Colliers International ("Colliers"), the brokers retained by the Debtors at 11:00 a.m. on April 10, 2019 and with the representatives of the secured lenders following the status conference.

### 7. Retention of Professionals

The Trustee anticipates filing applications to retain the following professionals to assist her in carrying out her duties in this case:

    a.    Grobstein Teeple LLP ("GT") to serve as accountants and financial advisors;

    b.    Nuti Hart LLP ("NH") to serve as general bankruptcy counsel; and

    c.    Garmin Turner Gordon LLP ("GTG") to serve as local counsel and special real estate counsel.

The Trustee is also evaluating whether to continue the retention of Colliers as brokers to assist with the marketing and sale of the Debtors' real properties.

### 8. Cash Collateral

Desert Oasis Apartments has been authorized to use cash collateral pursuant to a court-approved stipulation with Northern Trust Company. The Trustee and her counsel have spoken to Northern Trust Company's counsel and she will seek to negotiate an extension of that stipulation.

Desert Land has been using cash collateral (the revenues from the Desert Oasis Motel) pursuant to a stipulation, but this stipulation has not been approved by the Court. The Trustee anticipates formalizing and seeking approval for that stipulation promptly.

**9.     Monthly Operating Reports**

The Trustee will be reviewing the Debtors' monthly operating reports, and with the assistance of GT, will amend/correct and continue filing those as they come due.

**10.    Securing the Debtors' Records**

The Trustee and GT have requested copies of the Debtors' operating financial and corporate records from the Debtors' managers, counsel and accountants in order to ensure that, to the extent necessary for tax preparation and possible investigation into avoidable transactions, the data is secure. GT has begun collecting historical information and prior tax returns in order to analyze the tax issues associated with the Debtors and to begin providing the Trustee with preliminary information on the tax implications of sales of the assets.

**11.    Strategy for Resolving the Chapter 11 Cases**

    **A.     Marketing and Sale of the Debtors' Property**

As noted, the Trustee has conferred with the Debtors about the history of their efforts to market the properties. She has also obtained information from Colliers and plans a follow-up meeting on April 10, 2019. The Trustee has also reviewed several offers made for the real properties. Based thereon, the Trustee expects that the properties can be sold – either separately or as a bulk sale – for a sum sufficient to pay all secured and unsecured creditors in full.

    **B.     Avoidance Actions and/or Claims Against the Debtors' Managers**

The Trustee and her professionals will also investigate and review the Debtor's transactions and financial and corporate records to determine whether there are any causes of actions including avoidance actions against any third parties and/or causes of actions against the

7

Debtor's former and/or current managers. Subject to the expiration of the limitations period for commencing avoidance actions, the Trustee anticipates that litigation to recover avoidable transfers will be deferred until it is known for certain whether all creditors will be paid in full through sale of the real properties.

### C. Filing of a Plan

The Trustee intends to file a disclosure statement and liquidating plan, which will be funded by sale proceeds from the Property and/or proceeds from litigation claims.

### 12. Potential Inter-Estate Conflict of Interest

According to the Schedule of Liabilities filed by Desert Land, LLC, it owed $4.5 million to Desert Land, LLC [Doc. No. 102, p. 20 of 61]. While the Schedules appear to be in error – Desert Land LLC cannot owe itself money – the Trustee has sought additional information to determine if an inter-company obligation does exist that might require the Trustee to resign her position from one or more of the three cases in which she was appointed to serve.[2] *See, generally* In re BH & P, Inc., 949 F.2d 1300, 1312-13 (3d Cir. 1991) (although there is no *per se* rule against it, a trustee may be precluded from serving as trustee in two related cases where intercompany claims exist). The Trustee will supplement this disclosure (and if necessary, take remedial action) once the underlying facts are determined.

Respectfully submitted,

Dated: April 8, 2019                     NUTI HART LLP

By: */s/ Kevin W. Coleman*
    Kevin W. Coleman
    Proposed Attorneys for Kavita Gupta,
    Chapter 11 Trustee

---

[2] The schedule of assets in the Desert Oasis Apartments, LLC case lists unspecified accounts receivable in an unknown amount, and certain obligations owed by insiders other than Desert Land, LLC in amounts not equaling $4.5 million.

8

| | |
|---|---|
| Dated: April 8, 2019 | GARMAN TURNER GORDON LLP |
| | By: */s/ Talitha Gray Kozlowski* |
| | Talitha Gray Kozlowski |
| | Proposed Attorneys for Kavita Gupta, Chapter 11 Trustee |

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152