Kevin W. Coleman (CA SBN 168538)
Christopher H. Hart (CA SBN 184117)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kcoleman@nutihart.com
       chart@nutihart.com

Talitha Gray Kozlowski (NV SBN 9040)
GARMAN TURNER GORDON LLP
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: 725-777-3000
Email: tgray@gtg.legal

Proposed Counsel for Kavita Gupta,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DESERT LAND, LLC<br><br>Debtor. | Case No.: BK-S-18-12454-GS<br><br>Chapter 11 |
| In re:<br><br>DESERT OASIS APARTMENTS, LLC,<br><br>Debtor. | Case No.: BK-S-18-12456-GS<br><br>Chapter 11 |
| In re:<br><br>DESERT OASIS INVESTMENTS, LLC,<br><br>Debtor. | Case No.: BK-S-18-12457-GS<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE KAVITA GUPTA'S CASE STATUS CONFERENCE STATEMENT**<br><br>Date:     May 22, 2019<br>Time:    9:30 a.m.<br>Location: United States Bankruptcy Court<br>          Foley Federal Building<br>          300 Las Vegas Blvd South<br>          Courtroom 3<br>          Las Vegas, NV 89101<br>Judge:    Hon. Gary Spraker |

1

Kavita Gupta ("Trustee"), Chapter 11 trustee for the estates of Desert Land, LLC ("Desert Land"), Desert Oasis Apartments, LLC ("Desert Oasis Apartments"), and Desert Oasis Investments, LLC ("Desert Oasis Investments") (collectively, "Debtors") hereby submits this statement concerning the status of the Debtors' cases.

**1.      Transfer of Debtor-in-Possession Accounts**

The Debtors' Debtor-in-Possession bank accounts at Bank of Nevada, U.S. Bank, and Wells Fargo Bank, N.A. have been placed under the Trustee's control. The Trustee has closed and transferred three (3) Debtor-in-Possession bank accounts to Metropolitan Bank. A motion seeking authority to continue use the remaining four (4) accounts utilized by Desert Oasis Motel and Desert Oasis Apartments is scheduled for the same date and time as the status conference.

**2.      Marketing the Debtors' Real Properties**

After a consultation with non-insider secured lenders, the Trustee has published a listing price of $325 million for all 38.5 acres owned by the Debtors ("Property"). Colliers International ("Colliers") continues to act as the brokers for the Trustee in connection with the sale of the Property. The Trustee has also had direct communications with two potential purchasers that are excluded from the Colliers listing agreement. The Trustee expects that the properties can be sold – either separately or as a bulk sale – for a sum sufficient to pay all secured and unsecured creditors in full.

**3.      Communications With Creditors/Interested Parties**

The Trustee receives weekly status updates from Colliers on efforts to locate a buyer(s) for the Property. Starting on April 30, 2019, the Trustee has provided weekly reports on the sale status to the secured lenders who have entered into a common interest and confidentiality agreement with the Trustee. The Trustee will similarly share this information on a weekly basis with any other interested party who executes the common interest/confidentiality agreement.

**4.      Retention of Professionals**

Hearings on applications to retain the following professionals to assist her in carrying out her duties in this case are set at the same time as this status conference:

       a.   Grobstein Teeple LLP ("GT") to serve as accountants and financial advisors;

2

b.  Nuti Hart LLP ("NH") to serve as general bankruptcy counsel; and

c.  Garman Turner Gordon LLP ("GTG") to serve as local counsel and special real estate counsel.

**5.  Cash Collateral**

Desert Oasis Apartments has been authorized to use cash collateral pursuant to a court-approved stipulation with Northern Trust Company. That stipulation has been extended through October 31, 2019.

The Trustee has sought stipulations for use of cash collateral from DLLA/Aspen Group relating to the revenues generated by the Desert Oasis Motel, Juniper Loan Servicing relating to the license fee paid by Canam Productions, Inc. for use of the Desert Oasis Investments, LLC vacant land, and from the Shotgun Entities relating to rent generated by a tenant at one of the Desert Land buildings. The Trustee anticipates finalizing and seeking approval for those stipulations promptly.

**6.  Monthly Operating Reports and U.S. Trustee Quarterly Fees**

The Trustee is current on filing monthly operating reports and the payment of quarterly fees to the Office of the U.S. Trustee.

**7.  Operational Issues**

The Desert Oasis Motel owned by Desert Land, LLC consists of three buildings, one of which is vacant. Notwithstanding that fact that the building is fenced and has no trespassing signs posted, transient individuals have been trespassing in the building, which has resulted in numerous broken doors and windows and graffiti. In order to secure and safeguard the building, the Trustee has incurred costs to board up the windows and doors of the vacant building and garages, and to retain a security guard. She has also been in communication with the Las Vegas Metro Police Department to address the security issues on the Property.

Hospitality Associates, Inc. ("Hospitality Associates"), the management company operating the Desert Oasis Motel, has advised the Trustee that it wishes to terminate the management agreement. It has retained counsel in order to file a motion for relief from stay allowing it to do so. Termination of the management agreement would be disruptive, and so the

3

Trustee is attempting to negotiate a modification of the management agreement that she hopes will encourage Hospitality Associates to continue providing services until the Property can be sold.

**8. Potential Inter-Estate Conflict of Interest**

The Trustee continues to investigate whether there are inter-company obligations that might require the Trustee to resign her position from one or more of the three cases in which she was appointed to serve.[1]  *See, generally* In re BH & P, Inc., 949 F.2d 1300, 1312-13 (3d Cir. 1991) (although there is no *per se* rule against it, a trustee may be precluded from serving as trustee in two related cases where intercompany claims exist).  The Trustee will supplement this disclosure (and if necessary, take remedial action) once the underlying facts are determined.

**9. Anticipated Near Term Motions/Proceedings**

At this juncture, the Trustee anticipates that the following motions will be filed:

a. Motions seeking approval for stipulations for use of cash collateral, or motions to authorize use of cash collateral in the Desert Land, LLC and Desert Oasis Investments, LLC cases;

b. A motion seeking approval for a compromise of controversy with the so-called Sher Group (fractionalized note holders under the Aspen Loan); and

//
//
//
//
//

---

[1] The schedules filed in the Desert Land, LLC case indicated that it owed $4.5 million to Desert Land, LLC.  While Desert Land, LLC obviously cannot owe money to itself, the Trustee is seeking to determine if any sums are owed to either Desert Oasis Investments, LLC or Desert Oasis Apartments, LLC. (The schedule of assets in the Desert Oasis Apartments, LLC case lists unspecified accounts receivable in an unknown amount, and certain obligations owed by insiders other than Desert Land, LLC in amounts not equaling $4.5 million.

*...Continued*

c. A motion to retain Nellis Auction as auctioneer and approve sale of certain items of personal property owned by Desert Land, LLC (a motor vehicle, palm trees, furniture and cable material[2]).

Respectfully submitted,

Dated: May 17, 2019

NUTI HART LLP

By: */s/ Kevin W. Coleman*
Kevin W. Coleman
Proposed Attorneys for Kavita Gupta,
Chapter 11 Trustee

Dated: May 17, 2019

GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
Talitha Gray Kozlowski
Proposed Attorneys for Kavita Gupta,
Chapter 11 Trustee

---

[2] The Debtor's managers have reported to the Trustee that SkyVue Las Vegas, LLC ("SkyVue") paid for the cable material. The Trustee will be contacting Brian Shapiro, the Chapter 11 trustee appointed in the SkyVue case to determine if his estate asserts ownership of the cable material, and if so, how that issue should be handled in connection with the sale.

5